IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE A. NATAL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-050-GMS |
| | ) |
| OFFICER FAULKNER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Jose A. Natal, Jr., ("Natal"), a person in custody at the Howard R. Young Correctional Institution ("HRYCI"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Natal filed his complaint on January 22, 2009.[1] (D.I. 2.) Natal alleges that on July 21, 2008, the defendants New Castle County police officers Faulkner ("Faulkner") and Capodano ("Capodano") used excessive force during and after his arrest and police officer Fritz ("Fritz") failed to protect him from the excessive force. Natal was taken to the Christiana Hospital,

---

[1]On May 24, 2009, Natal sent a letter complaining of actions taken by prison personnel and asking the court's assistance in "removing" Natal from the prison. (D.I. 9.) To the extent that Natal seeks to add new allegations, he must file an amended complaint. Moreover, prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Additionally, an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

Newark, Delaware, and treated by defendant Dr. Andrew Duckworth ("Dr. Duckworth").[2] Plaintiff alleges that Dr. Duckworth provided minimal treatment and "this is a clear case of deliberate indifference/malpractice." Next, Natal was transported to the HRYCI. He complains there he was housed in a six foot by ten foot prison cell with two other inmates; forced to sleep on a one inch mattress on a tile floor; and not allowed any form of recreation such as stretching or exercise.

On August 13, 2008, Natal was seen by Correctional Medical Services physician, defendant Dr. Kendall ("Dr. Kendall"). Natal alleges that Dr. Kendall did not prescribe any medication due to Natal's "youthful appearance", and told Natal he would survive without x-rays or a routine examination. Finally, Natal alleges that on October 23, 2008, he was forced out of bed by defendant Nurse Joanne Doe ("Doe") who verbally assaulted him. Natal seeks compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[2]Christiana Hospital is part of the Christiana Care Health System, a private, not-for-profit regional health care system. http://www.christianacare.org.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Natal proceeds *pro se*, his pleading is liberally construed and

his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

The complaint makes no mention of the defendant Warden Philip Morgan ("Morgan"). It appears that he is named as a defendant based upon his supervisory position. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. 2005) (not published).

There is nothing in the complaint to indicate that Morgan had personal involvement in Natal's alleged constitutional violations. Moreover, the complaint does not allege that the he was the "driving force [behind]" the alleged violations. Finally, the complaint does not indicate that Morgan was aware of Natal's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks,* 885 F.2d at 1118. Accordingly, the claims against Morgan are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. State Actor

Natal alleges that Dr. Duckworth was deliberately indifferent to his medical needs. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Dr. Duckworth is a physician at a private hospital. Because he is not a state actor, Natal's § 1983 claim against him fails. Accordingly, the court will dismiss the § 1983 claims against Dr. Duckworth as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Medical Malpractice

Natal also raises a medical malpractice claim against Dr. Duckworth. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner,* 766 A.2d 492, 494-95 (Del. 2001)) (internal

quotations omitted); 18 Del. C. § 6853. The allegations of medical negligence required Natal, at the time he filed the complaint, to submit an affidavit of merit signed by an expert witness. 18 Del. C. § 6853(a)(1). The court has reviewed the record and finds that Natal failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Therefore, the court will dismiss the medical malpractice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Verbal Assault

Natal alleges that he was verbally assaulted by Nurse Doe. Verbal abuse and harassment do not rise to the level of a constitutional violation. *See Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993); *see also McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

Natal's claim of verbal assault is not cognizable under § 1983. Therefore, the claim against Doe is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Conditions of Confinement

Natal alleges that, due to a surge in prison population, he was housed in a six foot by ten foot prison cell with two other inmates; forced to sleep on a one inch mattress on a tile floor; and not allowed any form of recreation such as stretching or exercise. He alleges this prolonged his

attempt at rehabbing his injuries and caused him anxieties, pain, depression, anger, frustration, restlessness, and chronic pain.

Initially the court notes that the conditions of confinement allegations are not directed towards any defendant. Natal was a pretrial detainee during the relevant time period. With respect to jail conditions, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008). Analysis of whether a pre-trial detainee has been deprived of liberty without due process in violation of the Fourteenth Amendment is governed by the standards set out by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979); *Hubbard*, 538 F.3d at 231-32. A constitutional violation exists if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective and the conditions amount to punishment. *See Bell v. Wolfish*, 441 U.S. at 538-39; *Hubbard*, 538 F.3d at 232.

Natal alleges the conditions of which he complains were a result of a surge in the prison population. These allegations do not suggest the conditions were a form of punishment. Hence, Natal's allegations of triple-celling fail to state a claim for "punishment" in violation of the Fourteenth Amendment. *See Hubbard*, 538 F.3d at 235 (pretrial detainees who were triple celled and slept on mattresses were not subjected to genuine privations and hardship over an extended period of time for purposes of their due process claim).

With regard to the lack of exercise claim, the court recognizes that, under certain circumstances, lack of physical exercise can constitute a constitutional violation. *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008) (not published) (citing *Peterkin v. Jeffes*, 855 F.2d 1021, 1031-32 (3d Cir. 1988)). However, the lack of exercise can only rise to a

constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir. 1979). Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated. Natal fails to allege facts sufficient to state such a claim. The complaint does not allege the amount of exercise which Natal desired, any individual who failed to allow Natal to exercise, when the exercise was denied, and/or the extent of the allegedly precluded exercise. Further, the facts as alleged do not suggest that the action, if true, was intended to punish Natal, or was an exaggerated response to genuine security considerations.

For the above reasons, the court will dismiss the conditions of confinement claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above stated reasons the court finds that the claims against Dr. Duckworth, Morgan, and Doe as well as the conditions of confinement claims are frivolous and they will be dismissed. Natal will be allowed to proceed against the defendants Faulkner, Fritz, Capodano, and Dr. Kendall.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 29, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSE A. NATAL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-050-GMS |
| | ) |
| OFFICER FAULKNER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 29th day of Sept., 2009, for the reasons set forth in the Memorandum issued this date

1. The claims against the defendants Dr. Andrew Duckworth, Warden Philip Morgan, and Nurse Joanne Doe and the conditions of confinement claims are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified what appear to be cognizable claims within the meaning of 28 U.S.C. § 1915A against the defendants Officer Faulkner, Officer Fritz, Officer Capodano, and Dr. Kendall. The plaintiff is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1) and (j)(2), the plaintiff shall provide original "U.S. Marshal-285" forms for **the remaining defendants Officer Faulkner, Officer Fritz, Officer Capodano, and Dr. Kendall, as well as for the Chief Executive Officer for New Castle County, Delaware and the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801**, pursuant to

DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provide the court with copies of the complaint (D.I. 2) for service upon the remaining defendants, the Chief Executive Officer of New Castle County, Delaware, and the Chief Deputy Attorney General of the State of Delaware. **The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants, the chief executive officer of New Castle County, Delaware, and the Chief Deputy Attorney General of the State of Delaware within 120 days from the date of this order may result in the complaint being dismissed or the defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s), and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a

motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915 and § 1915A(a) ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____<br>CHIEF, UNITED STATES DISTRICT JUDGE